1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   NANCY FOGELSTROM, individually; on          Civil No.    08-cv-1372-JLS (POR)
     behalf of herself and all others similarly
11   situated,

12                                Plaintiff,     **NOTICE AND ORDER REGARDING
                                                 EARLY NEUTRAL EVALUATION**
13                    v.

14   EVERFAST, INC., a Delaware corporation;
     DOES 1 through 50, inclusive,
15                                Defendant.

16

17        IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case shall be held on

18   **September 24, 2008** at **2:00 p.m.** in the Chambers of the Honorable Louisa S. Porter, United States

19   Magistrate Judge, First Floor, 940 Front Street, San Diego, California  92101.

20        Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the

21   Southern District of California, *all counsel, all parties, and any other person(s) whose authority is*

22   *required to negotiate and enter into settlement shall appear* <u>*in person*</u> *at the conference,* shall be

23   prepared to discuss the claims and defenses, and shall be legally and factually prepared to discuss

24   and resolve the case at the Early Neutral Evaluation Conference.  The parties must be prepared to

25   present demands and offers of settlement.  Corporate counsel and/or retained outside corporate

26   counsel **shall not** appear on behalf of a corporation as the party who has the authority to negotiate

27   and enter into a settlement.  Counsel for any non-English speaking parties is responsible for

28   arranging for the appearance of an interpreter at the conference.  *Failure of required counsel and*

08cv1372

*parties to appear <u>in person</u> will be cause for the imposition of sanctions.*  All conference discussions will be informal, off the record, privileged, and confidential.

The Court does **not** require the filing of any statements or briefs prior to the Early Neutral Evaluation Conference.  Counsel shall instead focus their efforts on appearing at the conference fully prepared to discuss and resolve the case at the Early Neutral Evaluation Conference.

*Plaintiff's counsel shall give notice of the Early Neutral Evaluation Conference to parties responding to the complaint after the date of this notice.*

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

4. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an order following the Early Neutral Evaluation Conference addressing these issues and setting dates as appropriate.

The Court directs counsel to Federal Rule of Civil Procedure 26(d) which states, "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order; or agreement of the parties, *a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).*" (emphasis added).

Early Neutral Evaluation Conferences shall be rescheduled only upon a showing of good cause and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact the Court at least seven days prior to the conference.  Absent exceptional circumstances, the Court will not reschedule this conference with less than seven days notice.  <u>Only in extreme circumstances will the Court reschedule this conference with less than 24 hours notice.</u>  The Court reminds counsel and parties that conferences held beyond 45 days of the filing of an answer are

08cv1372

1 | contrary to Rule 16.1(c) of the Civil Local Rules, and are seriously disfavored by the Court.

2 |   Counsel are directed to the court's website, www.casd.uscourts.gov, for review of the

3 | chambers' rules of the assigned District Judge.

4 |   Questions regarding this case may be directed to Judge Porter's law clerk at (619) 557-5383.

5 |

6 | DATED:  August 20, 2008

7 |

8 | LOUISA S PORTER
        United States Magistrate Judge

9 |

10 |

11 | cc:   The Honorable Janis L. Sammartino

12 |     All parties

08cv1372

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties on form1a (available in the clerk's office), conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable only to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

08cv1372

## DISCOVERY CONFERENCES

In an effort to save time and expense for all litigants, this Court holds discovery dispute conferences in lieu of formal noticed motions.

Should a discovery dispute arise during the course of the litigation in this case, the following procedure is to be followed:

If a dispute arises during deposition, you are to call the Court for an immediate ruling. If the Court is unable to handle the matter at that moment, you are to proceed with the deposition and the Court will get back to you as soon as possible.

For all other discovery disputes, you are to meet and confer regarding all disputed issues before contacting the Court. If all attorneys are local, you are required to meet and confer in person. If one or all attorneys are out of town, you are to meet and confer by phone. Under no circumstances will the meet and confer requirement be satisfied by written correspondence.

After you have met and conferred, you may contact the Court for a discovery conference date. The court will <u>not</u> consider any discovery matter unless, and until, a declaration of compliance with the meet and confer requirement is received.

In addition to a date for a discovery conference, you will also receive a date by which you are to submit a joint discovery conference statement to the Court.

The joint statement is to include the following:

1.  The exact wording of the document or things requested to be produced or the exact wording of the interrogatory or request for admission asked.

2.  The exact response to the request by the responding party.

3.  A statement by the propounding party as to why the documents should be produced or why the interrogatory or request for admission should be answered.

4.  A precise statement by the responding party as to the basis for all objections and/or claims of privilege, including the legal basis for all privileges.

# NOTICE TO ATTORNEYS:

Due to prior abuse of Chambers' Policy allowing counsel to present discovery disputes to chambers without FULL briefing, counsel shall prepare and submit points and authorities on all discovery disputes.  The points and authorities shall not exceed 10 pages per side and shall be submitted along with the joint discovery conference statement.  Points and Authorities exceeding 10 pages without prior approval of the court will  NOT be considered by the court.

08cv1372

SAMPLE

REQUEST NUMBER 1:

Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

RESPONSE TO REQUEST NUMBER 1:

Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

PLAINTIFF'S REASON WHY DOCUMENTS SHOULD BE PROVIDED:

This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

DEFENDANT'S BASIS FOR OBJECTIONS:

This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received.

Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.

08cv1372